# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

CIVIL ACTION NO.:     2:16-CV-00166 (WOB-CJS)

RUSSELL V. POPE                                                PLAINTIFF

VS.                    **MEMORANDUM OPINION AND ORDER**

TERRY CARL                                                     DEFENDANT

This matter is before the Court on the defendant's motion for summary judgment and accompanying briefs. (Doc. 20; Doc. 24; Doc 27). The briefs for both sides were thorough and comprehensive and raised numerous issues of constitutional law and related principles.

The Court deems it unnecessary, however, to address all but one of the issues – that is the affirmative defense of release. It is admitted by the plaintiff that he filed an action against his employer, Southern Health Partners ("SHP"), which was under contract to provide medical services to the Kenton County Detention Center. (Doc. 20-2). It is not contested that this prior action involved the same operative facts as the present action.

The plaintiff settled his prior action and was, of course, required to sign an appropriate release. (Doc. 20-21). The release is extremely comprehensive and clearly precluded the plaintiff from filing any future action against any party arising out of the same factual situation as that being settled. Such language clearly includes the instant action.

Specifically, the release provided in paragraph 3:

> Pope . . . forever releases and discharges Defendants . . . including . . . principals, employers of the individual Defendants . . . affiliated[1] companies . . . *and any other person or entity* charged or chargeable with its responsibility or liability . . . from

---

[1] An "affiliate" is an entity that is associated with another entity. The term in this context includes Kenton County and the defendant Carl. *Affiliate*, WEBSTER'S II NEW COLLEGE DICTIONARY (2d ed. 1995).

> any and all past, present or future claims . . . causes of action . . . of any nature whatsoever . . . flowing therefrom . . . whatsoever . . . *resulting from or in any way arising from or pertaining to the facts*, circumstances or occurrences . . . which are or could have been . . . litigated against [*the released*] *Defendants in connection with*, or *which arose from*, [*the claims being released*].

(Doc. 21-6, PageID# 736) (emphasis added). The Court holds that this language releases the present defendant. Such a release is common, in similar circumstances, where the released party might be subject to a cross-claim for contribution or indemnity in a later action such as that now before the Court. The Court notes that the instant defendant only expelled plaintiff from the Kenton County facility. It was SHP who chose not to give him a job in one of its other facilities. Therefore, the prospect of SHP being brought into later litigation against other parties was substantial, and, as is usual under such circumstances, SHP, or its insurer, required plaintiff to release such additional claims.

Therefore, having reviewed this matter, and the Court being sufficiently advised,

**IT IS ORDERED** that Defendant's motion for summary judgment (Doc. 20) is hereby **GRANTED** in accord with this Opinion.

A separate judgment shall enter concurrently herewith.

This 2nd day of November 2017.



Signed By:
William O. Bertelsman WOB
United States District Judge